

15 MAG 1599

ORIGINAL

Approved: _____
SCOTT A. HARTMAN / BENJAMIN ALLEE
Assistant United States Attorneys

Before:   THE HONORABLE ANDREW J. PECK
          United States Magistrate Judge
          Southern District of New York

------------------------------------- X
                                      :
UNITED STATES OF AMERICA              :  COMPLAINT
                                      :
         -v.-                         :  Violation of 18 U.S.C.
                                      :  §§ 922(g), 924(a)
CHRISTOPHER LONDONIO, and             :
PASQUALE MAIORINO,                    :  COUNTY OF OFFENSE:
                                      :  BRONX
                     Defendants.      :
                                      :
------------------------------------- X

SOUTHERN DISTRICT OF NEW YORK, ss.:

   THEODORE J. OTTO, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

COUNT ONE

   1.   On or about November 8, 2014, in the Southern District of New York, CHRISTOPHER LONDONIO, the defendant, who was subject to a court order issued by the Greenburgh Town Court on or about October 16, 2014, after a hearing of which such person received actual notice, and at which such person had an opportunity to participate, that restrained such person from harassing, stalking, and threatening an intimate partner of such person, and that by its terms explicitly prohibited the use, attempted use and threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury, did knowingly possess in and affecting interstate commerce firearms, to wit, (1) a Hi-Point Model C9 9mm pistol, and (2) a Glock model 22 40-calibre pistol, both of which previously had been shipped and transported in interstate or foreign commerce.

(Title 18, United States Code, Sections
922(g)(8) and 924(a)(2).)

COUNT TWO

2.      On or about November 8, 2014, in the Southern District of New York, PASQUALE MAIORINO, the defendant, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting interstate commerce firearms, to wit, (1) a Hi-Point Model C9 9mm pistol, and (2) a Glock model 22 40-calibre pistol, both of which previously had been shipped and transported in interstate or foreign commerce.

(Title 18, United States Code,
Sections 922(g)(1) and 924(a)(2).)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

3.      I have been personally involved in the investigation of this matter, and I base this affidavit on that personal experience, as well as on my conversations with other law enforcement agents and my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the offense cited above, it does not include all the facts that I have learned during the course of the investigation. Where the contents of conversations of others are reported herein, they are reported in substance and in part.

4.      I have reviewed the statement of a New York City Police Officer ("Officer-1") from which I have learned the following information, in substance and in part:

a.      On or about November 8, 2014, at approximately 9:30 p.m., while conducting patrol in a marked police car, Officer-1 and his partner ("Officer-2") came upon an Acura sedan stopped near the intersection of Watt Street and Bayshore Avenue in the Bronx. That area is included within the 45th Police Precinct, and Officer-1, who had been assigned to that precinct for at least nine years prior, knew based upon his experience that the intersection of Watt Street and Bayshore Avenue was an area known for criminal activity, including drug transactions and prostitution.

b.      Officer-1 approached the Acura, which had three people inside, and spoke with the driver, a young man. While they were speaking, Officer-1 noticed that the front seat passenger, who was later identified as PASQUALE MAIORINO, the defendant, was noticeably pale.

2

    c. While he was speaking to the driver of the Acura, Officer-1 looked through the car window and noticed what appeared to be a bullet lying on the floorboard behind the driver's seat. Concerned for his safety, Officer-1 asked the driver to step out of the car and placed him in handcuffs.

    d. Officer-1 led the driver to the rear of the car and then asked the occupant of the rear passenger's seat, later identified as CHRISTOPHER LONDONIO, the defendant, to step out of the car. As LONDONIO was stepping out of the car, Officer-1 observed what appeared to be a firearm on the car seat under LONDONIO's leg. Officer-1 immediately placed LONDONIO in handcuffs, radioed for assistance, and removed MAIORINO from the car as well.

    e. The driver of the Acura, LONDONIO, and MAIORINO were taken into custody for the state offense of criminal possession of a weapon.

    5. I have also reviewed the statement of a New York City Police Officer who responded to Officer-1's call for assistance on the night of November 8, 2014 ("Officer-3"). From that statement, I have learned the following, in substance and in part:

    a. On or about November 8, 2014, Officer-3 responded to a call for assistance near the intersection of Watts Avenue and Bayshore Avenue in the Bronx. When he arrived at the location, Officer-3 observed three individuals in police custody near an Acura sedan.

    b. Officer-3 looked inside of the Acura and saw a firearm, later identified as a Hi-Point 9mm pistol, lying on the rear seat. Also on the rear seat, in the middle of the car, was a bag. Inside of the bag was a Glock .40-caliber pistol with a laser aiming device attached and another bag containing loose ammunition. Officer-3 later counted the ammunition in the bag and discovered that it contained approximately 115 rounds of assorted ammunition. Behind the front passenger seat, Officer-3 also found a box of 40-caliber ammunition. A further search of the car revealed the following items on the floor board of the front passenger seat: a metal pipe, a slap jack weapon, an open switchblade, and a hammer.

    c. Officer-3 vouchered the items discovered in the car and participated in processing the arrests of the three individuals who were in police custody when he arrived. During

3

arrest processing, Officer-3 learned that the Glock pistol that was recovered from the Acura had been reported stolen.

6. From reviewing paperwork maintained by the NYPD, I know that, following his arrest, PASQUALE MAIROINO, the defendant was informed of his Miranda rights. MAIORINO waived those rights, and stated, in substance and in part, that he knew the firearms were in the car, that he planned to throw the guns into the water, and that either he or the driver of the car placed the guns in the back seat of the car.

7. I been informed by a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (the "Agent") who is familiar with the manufacturing of firearms and ammunition that, based on his training and experience, neither Glock nor Hi-Point has ever manufactured firearms within the State of New York.

8. I have reviewed an order of protection issued against CHRISTOPHER LONDONIO, by a Greenburgh, New York Town Court judge on October 16, 2014. The order of protection indicates that it was issued as a condition of bail in a criminal case charging LONDONIO with Criminal Possession of a Weapon in the Third Degree. The order further indicates that LONDONIO was advised in court of the issuance and contents of the order. The order, which expires on or about October 16, 2015, prohibits LONDONIO from, among other things:

    a. Visiting the person, home, school, or business of a person who is identified in underlying police paperwork as LONDONIO's wife (the "Wife");

    b. Assaulting, harassing, staling or menacing the Wife;

    c. Possessing or obtaining a firearm during the pendency of the related criminal proceedings.

9. Based on my review of the criminal history of PASQUALE MAIORINO, the defendant, I know that MAIORINO was convicted on or about February 25, 1981, in New York Count Supreme Court, of Manslaughter in the First Degree, a Class B Felony, in violation of New York Penal Law Section 125.20. Under New York law, Manslaughter in the First Degree is a crime punishable by a term of imprisonment exceeding one year.

WHEREFORE, the deponent respectfully requests that CHRISTOPHER LONDONIO and PASQUALE MAIORINO, the defendants, be arrested and imprisoned, or bailed, as the case may be.

_____
THEODORE J. OTTO
Special Agent
Federal Bureau of Investigation

Sworn to before me this
11th day of May 2015

_____
THE HONORABLE ANDREW J. PECK
United States Magistrate Judge
Southern District of New York